Sebastian Tapia, OSB No. 043761
stapia@cityofsalem.net
City of Salem Legal Department
555 Liberty St. SE, Room 225
Salem, OR 97301
    Telephone: (503) 588-6003
    Fax: (503) 361-2202

Rebeca A. Plaza, OSB No. 053504
rebeca@capitol.legal
Aaron P. Hisel, OSB No. 161265
aaron@capitol.legal
Capitol Legal Services LLC
901 Capitol St. NE
Salem, OR 97301
    Telephone: (503) 480-7250
    Fax: (503) 779-2716
        Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER GARZA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SALEM, an Oregon municipal corporation; and OFFICER DAVID BAKER, an individual,<br><br>    Defendants. | Case No. 3:22-cv-00721-HZ<br><br>**DEFENDANTS' MOTION TO TRANSFER VENUE** |

## LOCAL RULE 7-1 CERTIFICATION

Counsel for Defendants, City of Salem and Officer David Baker, made a good faith effort to confer with counsel for plaintiff, about this motion but the parties have been unable to resolve the matter. Plaintiff objects to this motion.

///

## MOTION

In accordance with 28 U.S.C. § 1404(b), Defendants hereby move the court for an order transferring venue of this proceeding from the Unites State District Court for the District of Oregon, Portland Division, to the Eugene Division. This Motion is based on the Memorandum of Law below, the Declaration of Sebastian Tapia, the pleadings, and orders on file in this proceeding, and such other and further evidence as made properly before the Court.

## MEMORANDUM OF LAW

"'[D]ivisional venue' means the division of the Court in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." LR 3-2(b). The Eugene division is comprised of Benton, Coos, Deschutes, Douglas, Lane, Lincoln, Linn, and Marion. LR 3-2 (a)(3). Under Local Rule 3-2, divisional venue is proper in the Division, where a "substantial part of the events or omissions giving rise to the claim occurred." LR 3-2(b). This "substantial part" language follows exactly the analogous portion of the federal venue statute. 28 U.S.C. § 1391(e). Should a party initially file a case in the wrong division, the Court may reassign the case "on its own motion or that of any party." LR 3-3(c). When venue is proper in either of two forums, the Court may transfer a case to a division for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a).

Plaintiff filed a Complaint for Violation of Rights to Person Under 42 U.S.C. § 1983 in the Portland Division of the U.S. District of Oregon. The Complaint alleges that David Baker, a Salem Police Officer, encountered Plaintiff at a tire store located in Salem, Oregon. ECF No. 1. The Complaint alleges that the entire event at issue occurred at that location. *Id*. Salem is the County Seat of Marion County and is located entirely within the bounties of Marion County.

The Complaint should have been filed in the Eugene Division because the disputed events occurred in Marion County. Marion County is entirely within the Eugene Division. See LR 3-2

(a)(3).  Moreover, even if venue were proper in the Portland Division, most witnesses, relevant documents, and other evidence are located in the Eugene Division.

**CONCLUSION**

Pursuant to 28 U.S.C. § 1391(e) and Oregon District Court Local Rule 3-2 parties are instructed to filed in the division where the relevant events occurred.  Because this dispute occurred entirely within Marion County, the divisional venue should have been the Eugene Division.  Accordingly, this Court should grant Defendants' Motion to Transfer Venue and direct the Clerk of Court to transfer this case from the Portland Division to the Eugene Division under 28 U.S.C. § 1404(b) and LR 3-2.


DATED: July 13, 2023.

*s/ Sebastian Tapia*

Sebastian Tapia, OSB No. 043761
Rebeca A. Plaza, OSB No. 053504
Aaron P. Hisel, OSB No. 161265
Attorneys for Defendants