IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER GARZA, an individual, | No. 3:22-cv-00721-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| CITY OF SALEM, an Oregon municipal corporation; and OFFICER DAVID BAKER, an individual, | |
| Defendants. | |

Gregory Kafoury
Jason Kafoury
Mark Gillis McDougal
Adam Kiel
Kafoury & McDougal
411 SW 2nd Ave Ste 200
Portland, OR 97204

    Attorneys for Plaintiff

1 – OPINION & ORDER

Sebastian Tapia
City of Salem Legal Department
555 Liberty St SE Ste 225
Salem, OR 97301

Rebeca Plaza
Aaron Hisel
Capitol Legal Services
901 Capitol St NE
Salem, OR 97301

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Defendants City of Salem and Officer David Baker move to transfer venue in this case from the Portland Division to the Eugene Division within this District. ECF 41. Plaintiff opposes the motion as untimely. ECF 46. For the following reasons, the Court denies the motion.

## BACKGROUND

On May 17, 2022, Plaintiff Christopher Garza sued Defendants in the Portland Division of the District of Oregon, alleging federal and state-law claims for false arrest and excessive force arising out of Defendant Baker's detention of Plaintiff on September 17, 2021. Compl., ECF 1. Plaintiff alleged that the incident occurred "at OK Tire of Salem adjacent to his home in Salem, Oregon[.]" *Id.* ¶ 5. On July 18, 2022, Defendants answered the Complaint without first filing a motion to dismiss or objecting to venue. Answer, ECF 9. As the case proceeded through discovery, Defendants raised no objections to venue before the Court. Defendants moved for partial summary judgment, and the Court held oral argument on July 10, 2023. ECF 40. Defendants did not object to venue in Portland. On July 13, 2023, Defendants filed the present Motion to Transfer Venue.

2 – OPINION & ORDER

**STANDARDS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citation and quotation marks omitted). The decision whether to transfer venue lies in the discretion of the district court. 28 U.S.C. § 1404; *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ("Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.") (internal quotation omitted). Courts consider several factors, including: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations." *USI Ins. Servs., LLC v. Aitkin*, No. 2:21-CV-00267-HZ, 2022 WL 3974535, at *2 (D. Or. Sept. 1, 2022) (internal quotations omitted).

In contrast, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). But if the defendant does not timely object to venue, the district court may retain jurisdiction over the case. *Id.* § 1406(b).

The Local Rules divide the District of Oregon into four divisions "to identify divisional venue, distribute the judicial work, and to align counties for juror management purposes." LR 3-2(a). The plaintiff's complaint must indicate divisional venue in the caption. LR 3-2(b).

3 – OPINION & ORDER

Divisional venue lies in "the division of the Court in which a substantial part of the events or omissions giving rise to the claim occurred[.]" *Id.* "Unless otherwise directed by the Court, cases will be tried in the division assigned under LR 3-2(b)." LR 3-3(a). "In the interests of justice, the Court may order that the case be tried at any other place within the district." LR 3-3(b). Several courts in this District have held that "LR 3–2 is 'a mandatory requirement under which a case must be transferred if it was brought in the wrong division.'" *Gross v. Progressive Cas. Ins. Co.*, No. 1:17-CV-00828-CL, 2017 WL 10775063, at *6 (D. Or. Aug. 9, 2017), *findings and recommendation adopted*, No. 1:17 CV 00828-CL, 2017 WL 10775068 (D. Or. Sept. 4, 2017) (quoting *Nw. Env't Def. Ctr. v. U.S. Army Corps of Engineers*, No. CIV. 10-1129-AC, 2011 WL 1527598, at *4 (D. Or. Apr. 20, 2011)).

A party can object to improper venue in the responsive pleading or by motion. Fed. R. Civ. P. 12(b)(3). A party waives the defense if it fails to raise the objection to improper venue in either the responsive pleading or motion to dismiss filed in lieu of a responsive pleading. Fed. R. Civ. P. 12(h). Other courts in this District have held that an objection to divisional venue must be raised in a responsive pleading, or the objection is waived. *Gross*, 2017 WL 10775063, at *6; *Nw. Env't Def. Ctr.*, 2011 WL 1527598, at *2.

## DISCUSSION

Defendants argue that venue should be transferred from the Portland Division to the Eugene Division because the events alleged in the Complaint occurred in Salem, Oregon, which is in Marion County, which falls within the Eugene Division. Def. Mot. 2. Although Defendants brought their motion under § 1404, their argument focuses primarily on whether venue is proper, and the Reply relies on § 1406. *Compare* Def. Mot. 2 *with* Def. Reply 3, ECF 47. Defendants' objection to divisional venue as improper is untimely. Defendants were on notice from the

4 – OPINION & ORDER

beginning of this case that the events described in the Complaint occurred in Salem. *See* Def. Mot. 2. But Defendants did not object to divisional venue in their Answer, and they did not move to transfer venue until almost one year after they filed their Answer. Under Rule 12(h), they waived any objection to improper venue.

This Court recently denied a plaintiff's motion to transfer divisional venue when the plaintiff waited nineteen months after moving out of the Pendleton Division to move that the case be transferred to the Portland Division. *Jones v. Fuentas*, No. 2:18-CV-00815-HZ, 2023 WL 3737809, at *3 (D. Or. May 30, 2023). Defendants ask the Court to take a different approach here. Def. Reply 3. They argue that *Jones* is different because this case was not filed in the correct venue to being with, while the complaint in *Jones* was. *Id.* The Court does not find that distinction instructive. Section 1406(b) provides that when the defendant does not timely object to improper venue, the court may continue to exercise jurisdiction over the case. Rule 12(h) provides for waiver of the objection to venue if the objection is not raised at the first opportunity. Courts in this District apply that rule to objections to divisional venue. Defendants did not timely object to venue. And Defendants point to no changed circumstances or other justification for their almost one-year delay. Defendants waived their objection to venue in the Portland Division under § 1406 and LR 3-2.

Defendants also fail to establish that it is in the interest of justice to transfer venue to the Eugene Division. They assert without elaboration that "most witnesses, relevant documents, and other evidence are located in the Eugene Division." Def. Mot. 3. Defendants do not explain how trying this case in Portland, rather than Eugene, will inconvenience the parties or the witnesses. The Court considers those factors the most important to the analysis under § 1404 in this case,

and Defendants' threadbare assertions do not suffice. Defendants have not shown that venue should be transferred to the Eugene Division under § 1404.

## CONCLUSION

The Court DENIES Defendants' Motion to Transfer Venue [41].

IT IS SO ORDERED.

DATED: \_\_\_\_\_August 31, 2023\_\_\_\_\_.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER