# JOINT PROPOSED JURY INSTRUCTIONS

| NO. | TITLE | AGREED | PLTF'S PROPOSED INSTRUCTION | DEF'S PROPOSED INSTRUCTION |
|---|---|---|---|---|
| 1.2 | Duty of Jury (no instructions provided) | X | | |
| 1.3 | Duty of Jury (provides instructions) | X | | |
| 1.4 | Duty of Jury -- end of case | X | | |
| 1.5 | Claims and Defenses | X | | |
| 1.6 | Burden of Proof -- Preponderance | X | | |
| 1.7 | Clear and Convincing Evidence | X | | |
| 1.9 | What is Evidence | X | | |
| 1.10 | What is not Evidence | X | | |
| 1.11 | Evidence for Limited Purpose | X | | |
| 1.12 | Direct and Circumstantial Evidence | X | | |
| 1.13 | Ruling on Objections | X | | |
| 1.14 | Credibility of Witnesses | X | | |
| 1.15 | Conduct of the Jury | X | | |
| 1.16 | Publicity During Trial | X | | |
| 1.17 | No Transcript Available to Jury | X | | |
| 1.18 | Taking Notes | X | | |
| 1.19 | Questions to Witnesses by Jurors (option 2) | X | | |

| | | | | |
|---|---|---|---|---|
| 1.20 | Bench Conference and Recess | X | | |
| 1.21 | Outline of Trial | X | | |
| 2.0 | Cautionary Instructions | X | | |
| 2.4 | Depos in Lieu of Live Testimony | X | | |
| 2.8 | Foreign Language Testimony | X | | |
| 2.13 | Expert Opinion | X | | |
| 5.1 | Damages - Proof | X | | |
| 5.3 | Damages - Mitigation | | | X |
| 5.5 | Punitive Damages | X | | |
| 5.6 | Nominal Damages | | | X |
| 9.1 | Section 1983 Claim | X | | |
| 9.2 | Causation | X | | |
| 9.3 | Section 1983 Claim against Defendant in Individual Capacity – Elements and Burden of Proof | X | | |
| 9.25 | Particular Rights – Fourth Amendment – Unreasonable Seizure – Excessive Force | X | | |
| UCJI 30.03 | Corporations Acts Through Agents (modified) | X | | |
| UCJI 40.02 | Battery | X | | |
| UCJI 70.02 | Damages Economic | X | | |
| UCJI 70.03 | Damages Non-Economic | X | | |
| UCJI 70.07 | Damages – Aggravation of Preexisting Injury or Disability | | | X |

| | | | | |
|---|---|---|---|---|
| **UCJI 73.01** | **Damages – Avoidable Consequences** | | | **X** |
| | **D's Special Jury Instruction 1: 4th Amendment Unlawful Use of Force (federal law)** | | | **X** |
| | **D' Special Jury Instruction 2: Reasonable Suspicion to Stop (state law)** | | | **X** |
| | **Ds' Special Jury Instruction 3: When a Stop Becomes an Arrest (state law)** | | | **X** |
| **SR-3** | **Federal Claim Distinct from State Law Claims** | **X** | | |
| **SR-1** | **False Arrest 1** | | **X** | |
| **SR-2** | **False Arrest 2** | | **X** | |
| | **Ds' Special Jury Instruction 4: Peace Officer's Authorized Use of Force (Battery)** | | | **X** |
| **3.1** | **Duty to Deliberate** | **X** | | |
| **3.2** | **Consideration of Evidence – Conduct of the Jury** | **X** | | |
| **3.3** | **Communication with the Court** | **X** | | |
| **3.5** | **Return of Verdict** | **X** | | |

# INDEX TO JURY INSTRUCTIONS

## A. INSTRUCTIONS ON THE TRIAL PROCESS

1. 1.2 Duty of Jury (no instructions provided)
2. 1.3 Duty of Jury (Court Reads at Beginning of Trial)
3. 1.4 Duty of Jury (Court Reads and Provides Written Instructions at End of Case)
4. 1.6 Burden of Proof – Preponderance of the Evidence
5. 1.7 Burden of Proof – Clear and Convincing Evidence
6. 1.9 What is Evidence
7. 1.10 What is Not Evidence
8. 1.11 Evidence for Limited Purpose
9. 1.12 Direct and Circumstantial Evidence
10. 1.13 Ruling on Objections
11. 1.14 Credibility of Witnesses
12. 1.15 Conduct of the Jury
13. 1.16 Publicity During Trial
14. 1.17 No Transcript Available to Jury
15. 1.18 Taking Notes
16. 1.19 Questions to Witnesses by Jurors
17. 1.20 Bench Conference and Recesses
18. 1.21 Outline of Trial

## B. INSTRUCTIONS ON TYPES OF EVIDENCE

19. 2.0 Cautionary Instructions
20. 2.4 Depositions in Lieu of Live Testimony
21. 2.8 Foreign Language Testimony
22. 2.13 Expert Opinion

## C. CLAIMS AND DAMAGES

23. 5.1 Damages – Proof
24. 5.3 Damages – Mitigation
25. 5.5 Punitive Damages
26. 5.6 Nominal Damages
27. 9.1 Section 1983 Claim – Introductory Instruction
28. 9.2 Causation
29. 9.3 Section 1983 Claim Against Defendant in Individual Capacity = Elements and Burden of Proof
30. 9.25 Particular Rights – Fourth Amendment Unreasonable
31. SR 3- Federal Claim Distinct from State Law Claims
32. UCJI – Corporation Acts Through Agents (*modified*)
33. UCJI 40.02 Battery
34. UCJI 70.02 Damages Economic
35. UCJI 70.03 Damages Non-Economic

36. UCJI 70.07 Damages – Aggravation of Preexisting Injury or Disability
37. UCJI 73.01 Damages – Avoidable Consequences
38. Defendants' Special Requested Instruction No. 1 – 4th Amendment Unlawful Use of Force (Federal Law)
39. Defendants' Special Requested Instruction No. 2 - Reasonable Suspicion to Stop (state law)
40. Defendants' Special Requested Instruction No. 3 - When a Stop Becomes an Arrest (state law)
41. Defendants' Special Requested Instruction No. 4 - Peace Officer's Authorized Use of Force (Battery)
42. Plaintiff's Special Requested Instruction No. 1 – False Arrest I
43. Plaintiff's Special Requested Instruction No. 2 – False Arrest II

D.  <u>INSTRUCTIONS CONCERNING DELIBERATIONS</u>

44. 3.1 Duty to Deliberate
45. 3.2 Consideration of Evidence – Conduct of the Jury
46. 3.3 Communication with the Court
47. 3.5 Return of Verdict

## 1.2 DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## 1.3 DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## 1.4 DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.] or [A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# 1.5 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that [plaintiff's claims]. The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]]. [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]

## 1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented.

## 1.7 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**1.9 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I [may instruct] [have instructed] you to accept as proved.

## 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.13 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# 1.15 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied

the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

## 1.16 PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

## 1.17 NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**1.18 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## 1.19 QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

When attorneys have finished their examination of a witness, you may ask questions of the witness. [Describe procedure to be used.] If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

## 1.20 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**1.21 OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# 2.0 CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

**2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## 2.8 FOREIGN LANGUAGE TESTIMONY

You [are about to hear] [have heard] testimony of a witness who [will be testifying] [testified] in the [specify foreign language] language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the [specify foreign language] language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

**2.13 EXPERT OPINION**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her]opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

# 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [*specify type of claim*] claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]
It is for you to determine what damages, if any, have been proved.
Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## 5.3 DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

## 5.3 DAMAGES - MITIGATION

Plaintiff's medical expert is expected to testify that Plaintiff's relevant surgery did not fully heal his shoulder condition, and Plaintiff requires at least one more surgery to be fully healed. Defendants' medical expert is expected to testify that the measure of success on a shoulder surgery is whether the patient engages in physical therapy afterwards. Medical records show little to no physical therapy as well as activities that would exacerbate his post-surgery condition such as sleeping on it. This instruction is relevant to Plaintiff's Fourth Amendment Use of Force Claim.

## 5.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.
The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[Punitive damages may not be awarded against [specify defendant.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

## 5.6 NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## 5.6 NOMINAL DAMAGES

Defendants request this instruction because Plaintiff bears the burden of proving that Plaintiff was injured. Defendants' medical expert is expected to testify that medical records show that Plaintiff was not injured, and the subsequent surgery is attributed to his pre-existing condition. The jury could also find that Plaintiff did not suffer any injuries associated with the Fourth Amendment – Force claim.

**9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

The plaintiff brings [his] claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## 9.2 CAUSATION

## Comment

## General Principles

"In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation in-fact and proximate causation." Id. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Stevenson v. Koskey, 877 F.2d 1435, 1438 (9th Cir. 1989) (noting that federal courts turn to common law of torts for causation in civil rights cases).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). For example, when deprivation of a protected interest is substantively justified but the procedures were deficient, a plaintiff must show injury from the denial of procedural due process itself and cannot recover damages from the justified deprivation. Carey v. Piphus, 435 U.S. 247, 260 64 (1978); Watson v. City of San Jose, 800 F.3d 1135, 1140-42 (9th Cir. 2015) (expanding types of constitutional tort actions subject to Carey's causation analysis and quoting trial court's damages instruction).

A person deprives another of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "An officer's liability under section 1983 is predicated on his integral participation in the alleged violation." Nicholson v. City of Los Angeles, 935 F.3d 685, 691 (9th Cir. 2019) (quoting Blankenhorn v. City of Orange, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (internal quotes omitted)). Thus, an "officer could be held liable where he is just one participant in a sequence of events that gives rise to [the alleged] constitutional violation." Nicholson, 935 F.3d at 692.

## Supervisor Liability

"A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); see also Lacey v. Maricopa County, 693 F.3d 896, 915 16 (9th Cir. 2012) (discussing culpability and intent of supervisors). Supervisors may also be held liable under § 1983 as follows: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or

control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1207-08; see also OSU Student All. v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012) ("Advancing a policy that requires subordinates to commit constitutional violations is always enough for § 1983 liability □ so long as the policy proximately causes the harm—that is, so long as the plaintiff's constitutional injury in fact occurs pursuant to the policy."). However, supervisors may not be held liable under § 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't. of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978).

### Deliberate Fabrication

In deliberate fabrication cases, the filing of a criminal complaint usually immunizes the investigating officers "'because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.'" Caldwell v. City & Cnty. of San Francisco, 889 F.3d 1105, 1115 (9th Cir. 2018) (quoting Smiddy v. Varney, 665 F.2d 261, 266 (9th Cir. 1981), overruled on other grounds by Beck v. City of Upland, 527 F.3d 853, 865 (9th Cir. 2008)). However, the presumption can be overcome if a plaintiff establishes that officers "either presented false evidence to or withheld crucial information from the prosecutor." Id. at 1116. At that point, "the analysis reverts back to a normal causation question" and the issue again becomes whether the constitutional violation caused the plaintiff's harm. Id.

### First Amendment Retaliation Claims

When a § 1983 claim alleges discrimination because of the plaintiff's exercise of a First Amendment right, use the "substantial or motivating factor" formulation already included in Instructions 9.9 (Particular Rights—First Amendment—Public Employees—Speech) and 9.11 (Particular Rights—First Amendment—"Citizen" Plaintiff).

### *Monell* Claims

"Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) (citing Harper, 533 F.3d at 1026). Regardless of what theory the plaintiff employs to establish municipal liability— policy, custom, or failure to train— the plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. See City of Canton, 489 U.S. 378, 385, 391 92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). If the plaintiff relies on the theory of ratification, see Instruction 9.7 (Section 1983 Claim Against Local Governing Body Defendants Based on Ratification— Elements and Burden of Proof), which discusses ratification and causation.

In Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir. 1992), the Ninth Circuit approved the trial court's "moving force" instruction on causation in a § 1983 Monell claim as follows:

The district court instructed the jury that "in order for [the policy] to be the cause of injury, you must find that it is so closely related as to be the moving force causing the ultimate injury." Because this instruction closely tracks the language in City of Canton, we find that it correctly stated the law and adequately covered the issue of causation. See City of Canton, 489 U.S. at 391 ("the identified deficiency in a city's training program must be closely related to the ultimate injury.") (emphasis in original).

**Concurrent Cause**

In Jones v. Williams, the Ninth Circuit affirmed a defense verdict in a § 1983 case in which the district judge gave the following "concurrent cause" instruction to address allegations of supervisory and group liability: "[M]any factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause." Jones v. Williams, 297 F.3d 930, 937 n.6 (9th Cir. 2002).

## 9.3 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof

In order to prevail on [his] [her] § 1983 claim against the defendant [*name of individual defendant*], the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the defendant acted under color of state law; and

2.   the [act[s]] [failure to act] of the defendant deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. [[The parties have stipulated] [I instruct you] that the defendant acted under color of state law.]

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction[s] [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

## 9.25 Particular Rights—Fourth Amendment—Unreasonable
## Seizure of Person—Excessive Force

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force [in making a lawful arrest] [and] [or] [in defending [himself] [herself] [others]] [and] [or] [in attempting to stop a fleeing or escaping suspect].  Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer[s] used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.   Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)     the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2)     whether the [plaintiff] [decedent] posed an immediate threat to the safety of the officer[s] or to others;

[(3)    whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;]

(4)     the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the relationship between the need for the use of force and the amount of force used;

(6)     the extent of the [plaintiff's] [decedent's] injury;

(7)     any effort made by the officer to temper or to limit the amount of force;

(8)     the severity of the security problem at issue;

[(9)    the availability of alternative methods [to take the plaintiff into custody] [to subdue the plaintiff;]]

[(10)   the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;]

[(11)    whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;]

[(12)    whether the officer[s] [was] [were] responding to a domestic violence disturbance;]

[(13)    whether it should have been apparent to the officer[s] that the person [he] [she] [they] used force against was emotionally disturbed;]

[(14)    whether a reasonable officer would have or should have accurately perceived a mistaken fact;]

[(15)    whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and]

["Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.] [and]

[(16)    *insert other factors particular to the case.*]

**Oregon UCJI**

30.03 – Corporation Acts Through Agents (modified)
A City can act only through its officers, agents, or employees. Any action by an employee of the City is the act of that City if the act was within the scope of that person's employment.
I instruct you that Officer David Baker was acting within the course and scope of his employment.

## UCJI 40.02 BATTERY

The plaintiff claims that the defendant committed a battery. This requires the plaintiff to prove that:

(1)     The defendant acted, intending to cause harmful or offensive contact with the plaintiff; and

(2)     The defendant's actions directly or indirectly caused a harmful or offensive contact with the plaintiff.

## UCJI 70.02 DAMAGES—NONECONOMIC
### (In Claims Subject to ORS 31.710)

Noneconomic damages are the subjective, nonmonetary losses that a [plaintiff / defendant] has sustained [or probably will sustain in the future].

The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. However, the law requires that all damages awarded be reasonable. You must apply your own considered judgment, therefore, to determine the amount of noneconomic damages.

In determining the amount of noneconomic damages, if any, consider each of the following:

(1)     The [pain / mental suffering / emotional distress / humiliation] that the [plaintiff / defendant] has sustained from the time [he / she] was injured until the present [and that the (plaintiff / defendant) probably will sustain in the future as the result of (his / her) injuries];

(2)     Any inconvenience and interference with the [plaintiff / defendant]'s normal and usual activities apart from activities in a gainful occupation that you find have been sustained from the time [he / she] was injured until the present [and that the (plaintiff / defendant) probably will sustain in the future as the result of (his / her) injuries];

[(3)     Any injury to the (plaintiff / defendant)'s reputation]; and

[(4)     Set forth either any other subjective, nonmonetary losses or any other not objectively verifiable monetary losses sustained by plaintiff or defendant.]

[The amount of noneconomic damages may not exceed the sum of $_____.]

## UCJI 70.03 DAMAGES—ECONOMIC
## (In Claims Subject to ORS 31.710)

Economic damages are the objectively verifiable monetary losses that the plaintiff has incurred or will probably incur. In determining the amount of economic damages, if any, consider:

[(1)     The reasonable value of necessary (medical / hospital / nursing / rehabilitative / and other health) care and services for treatment of the plaintiff.]

[(2)     The amount of lost income incurred by the plaintiff since the injury to date.]

[(3)(a) The amount for past impairment of earning capacity.]

[(b)     The amount for probable future impairment of earning capacity.]

[(4)     The reasonable value of substitute domestic services that the plaintiff has incurred and probably will incur.]

[(5)     The reasonable value of economic damages to the plaintiff's reputation.]

[(6)     Specify other objectively verifiable economic or monetary losses proved by plaintiff.]

The total amount of economic damages may not exceed the sum of $_____.

**UCJI No. 70.07 DAMAGES AGGRAVATION OF PREEXISTING INJURY OR DISABILITY**

In the present case the plaintiff has alleged that the injury which he sustained as the result of the negligence of the defendant aggravated a preexisting [injury / disability] of [his].

In determining the amount of damages, if any, to be awarded the [plaintiff] in this case, you will allow [him] reasonable compensation for the consequences of any such aggravation that you find to have taken place as the result of [plaintiff]'s negligence.

The recovery should not include damages for the earlier [injury / disability] but only those that are due to its enhancement or aggravation.

## UCJI 70.07 DAMAGES – AGGRAVATION OF PREEXISTING INJURY OR DISABILITY

Plaintiff had a preexisting injury to his right shoulder. If Defendant proves that Plaintiff had a preexisting injury and Defendant proves that he was further injured, Plaintiff is only intitled the damages for the aggravation of his previously injured condition.

## UCJI No. 73.01 DAMAGES—AVOIDABLE CONSEQUENCES

A person who suffered damage has a duty to exercise reasonable care to avoid increasing that damage. There can be no recovery for increased damage caused by the failure to exercise such care.

## UCJI 73.01- DAMAGES AVOIDABLE

Plaintiff's medical expert is expected to testify that Plaintiff's relevant surgery did not fully heal him, and Plaintiff requires at least one more surgery to be fully healed. Defendants' medical expert is expected to testify that the measure of success on a shoulder surgery is whether the patient engages in physical therapy afterwards. Medical records show little to no physical therapy as well as activities that would exacerbate his post-surgery condition such as sleeping on it. This instruction is relevant to Plaintiff's Battery Claim

## DEFENDANTS' FIRST SPECIAL JURY INSTRUCTION

Unlawful Use of Force (federal law)

The Fourth Amendment's prohibition against unreasonable searches and seizures applies to investigatory traffic stops. To justify an investigative stop, a police officer must have reasonable suspicion that a suspect is involved in criminal activity. Reasonable suspicion is formed by specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity. You must look at the totality of the circumstances to see whether the officer had a particularized and objective basis for suspecting criminal activity. Officers are encouraged to draw upon their own specialized training and experience in assessing the totality of the circumstances.[1]

The court has found that under federal law, David Baker had objectively reasonable suspicion to stop Plaintiff and did not exceed the scope of that stop.

**This instruction was taken from the Opinion and Order in this case. It provides valuable guidance about the types of considerations the jury should use in formulating its findings as to whether unlawful force was applied at this stop. It also addresses the court's finding that that under federal law, this was a stop and the officer did not exceed the scope of the stop.**

---

[1] U.S. v. Colin, 314 F.3d 439, 442 (9th Cir. 2002)

## DEFENDANTS' SECOND SPECIAL JURY INSTRUCTION

Reasonable Suspicion to Stop (state law claims only)

A 'stop' occurs when the police restrain a person's liberty by physical force or show of authority.[2]

For police officers to make a stop, they must reasonably suspect—based on specific and articulable facts—that the person committed a specific crime or type of crime or was about to commit a specific crime or type of crime. For an investigative stop to be lawful, the officer (1) must actually suspect that the stopped person had committed a specific crime or type of crime, or was about to commit a specific crime or type of crime, and (2) must conclude, based on the record, that the officers' subjective suspicion must be objectively reasonable under the totality of the circumstances existing at the time of the stop.[3]   In this case, the court has found that the circumstances in this case gave rise to an objectively reasonable suspicion that Plaintiff was committing a crime when Defendant David Baker asked if Plaintiff was stealing a car.  The court has further found that Defendant Baker did not exceed the scope of that objectively reasonable suspicion.  The jury must decide the first prong, regarding whether Defendant Baker actually suspected that Plaintiff was committing or about to commit a crime at the time of that statement.

**This instruction was taken from the Opinion and Order in this case.  It describes when, under state law, a stop is lawful.  It also addresses the court's finding that "actual" suspicion is a question of fact for the jury to decide.**

---

[2] State v. Anfield, 95 Or. App. 567, 570, 770 P.2d 919 (1989)
[3] State v. Brown, 318 Or. App. 713,719(2022) (quoting State v. Maciel-Figueroa, 361 Or. 163, 182, 389 P.3d 1121 (2017))

## DEFENDANTS' THIRD SPECIAL JURY INSTRUCTION

### When a Stop Becomes an Arrest (state law claims only)

In order for an officer to make a lawful arrest, the officer must have probable cause to believe a crime was committed.

The distinction between stops and arrests is sometimes a murky one, but generally speaking, arrests and stops differ in the scope, duration, and degree of the restraint.[4] Handcuffing a suspect is generally, though not always, a restraint that exceeds the scope of a stop.[8] An officer confronted with safety concerns may handcuff a person without converting the stop into an arrest, but the stop is converted into an arrest if the officer continues to use force to restrain the person after the officer's safety concerns have dissipated.[5] Even a period as short as "several minutes" of handcuffing after safety concerns have dissipated weighs in favor of finding that a stop became an arrest.[6] Confining a suspect in a patrol car without handcuffs will not convert a stop into an arrest where it is reasonably necessary to control the scene for an investigation.[7]

The court has determined that Defendant Baker did not have probable cause for an arrest.

**This instruction was taken from the Opinion and Order in this case. It provides valuable information about distinguishing between a stop and an arrest. It also indicates that the court's find was that Defendant Baker did not have probable cause for an arrest.**

---

[4] State v. Madden, 315 Or. App. 787, 792, 502 P.3d 746 (2021)
[5] State v. Hebrard, 244 Or. App. 593, 598, 260 P.3d 759 (2011)
[6] Madden, 315 Or. App. at 793
[7] State v. Werowinski, 179 Or. App. 522, 529, 40 P.3d 545 (2002)

**PLAINTIFF'S THIRD SPECIAL JURY INSTRUCTION (JOINTLY AGREED)**

**SR – 3 – Federal Claim Distinct from State Law Claims**

[To be read after instructions specific to the federal claim, and before instructions specific to the state law claims]. I have just instructed you as to the plaintiff's federal law claim. You are not to consider these instructions when making your decisions on the plaintiff's state law claims. I will now instruct you as to the state law claims.

## PLAINTIFF'S FIRST SPECIAL JURY INSTRUCTION

**SR-1 – False Arrest I**

In order to prevail, each plaintiff must prove to you, by a preponderance of the evidence, each of the following elements:

1. The plaintiff was detained by the defendant;
2. The defendant intended to detain the plaintiff;
3. The plaintiff was aware of the detention; and
4. The detention was unlawful.

**Defendants object to this instruction because it refers to the term "detained" without defining what that term means. Defendants would have consented to this instruction if the term "detained" was switched with "arrested", but Plaintiff denied that change. As written, it is more likely to cause jury confusion.**

**SR-2 – False Arrest II**

In order to be lawful, the detention must be based on probable cause to believe that the person detained has committed a crime. I instruct you that in this case, there was no probable cause.

**Defendants object to this instruction because it relies on the finding that Plaintiff was "detained" without defining what that term means. Defendants indicated they would consent to this instruction if the term "detained" was switched with "arrested", but Plaintiff denied that change. As written, it is more likely to cause jury confusion.**

## DEFENDANTS' FOURTH SPECIAL JURY INSTRUCTION

Authorized Use of Force by a Peace Officer -Defense to Battery

A peace officer making a stop may use the degree of force reasonably necessary to make the stop and ensure the safety of the peace officer, the person stopped or other persons who are present.[8]  However, ORS § 131.615(5) only authorizes force to the degree that is reasonably necessary to make the stop.[9]  If a peace officer lacks reasonable suspicion to stop a suspect under ORS 131.615(1), that officer is not privileged to use force to effectuate the stop.[10]

---

[8] ORS 131.615(5)
[9] *State v. Watson*, 353 Or. 768, 777 (Or. 2013)
[10] *Hall v. Dodge*, 2013 U.S. Dist. LEXIS 126986, *38-39; Civ No. 6:12-cv-1808-MC (Sept. 5, 2013)

## DEFENDANTS' FOURTH SPECIAL JURY INSTRUCTION

Authorized Use of Force by a Peace Officer -Defense to Battery

**This instruction is needed because without it, the jury would be led to believe that it is aways tortious for a peace officer to make unconsented physical conduct with a suspect. The instruction also addresses the relationship to the right to detain under a stop.**

# 3.1 DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Defendants request this instruction because Plaintiff bears the burden of proving that Plaintiff was injured.  Defendants' medical expert is expected to testify that medical records show that Plaintiff was not injured, and the subsequent surgery is attributed to his pre-existing condition.  The jury could also find that Plaintiff did not suffer any injuries associated with the Fourth Amendment – Force claim.

## 3.5 RETURN OF VERDICT

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.