**Gregory Kafoury, OSB No. 741663**
kafoury@kafourymcdougal.com
**Mark McDougal, OSB No. 890869**
mcdougal@kafourymcdougal.com
**Jason Kafoury, OSB No. 091200**
jkafoury@kafourymcdougal.com
Kafoury & McDougal
411 SW Second Avenue, Suite 200
Portland OR 97204
Phone:  (503) 224-2647
Fax:  (503) 224-2673

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER GARZA, | Case No.  3:22-cv-00721-HZ |
| Plaintiff, | PLAINTIFF'S MOTIONS IN LIMINE |
| vs. | |
| CITY OF SALEM, an Oregon municipal corporation; and OFFICER DAVID BAKER, an individual, | |
| Defendants. | |

Plaintiff hereby moves to exclude the following from evidence in this matter:

1.      There should be no reference to prior bad acts of plaintiff, such as whether plaintiff was the subject of a restraining order.  If defense counsel believes they have admissible prior bad acts, they should bring it to the attention of the Court first, before discussing in open court.

**KAFOURY & McDOUGAL**
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

2.       There should be no reference to past incarcerations of the plaintiff. Irrelevant and prejudicial.

3.       Consistent with this Court's previous rulings on Defendants' Motions to Compel, there should be no reference to any physical conditions, infirmities, or body parts of the plaintiff other than those relevant to his specific claims of damage. No reference to any such matters should be made unless and until the defense has represented to the Court that it has medical testimony to support such evidence. Such representations should be made prior to comment or evidence on such matters so that plaintiff may be heard on relevance, Rule 403, and other possible objections.

4.       Consistent with this Court's previous rulings on Defendant's Motions to Compel, there should be no reference to any mental health conditions or diagnoses of plaintiff. Plaintiff is not making any claim for any psychological injury, and his psychological history is not at issue. This is irrelevant and prejudicial.

5.       There should be no reference to plaintiff ever having been sued by collection agencies or any other parties. Irrelevant and prejudicial.

6.       There should be no reference to any allegations of drug or alcohol abuse or drug seeking behavior at any time by plaintiff. Irrelevant and prejudicial.

7.       There should be no reference to plaintiff's employment history. Plaintiff is not making any claim for lost wages or lost earning capacity. Irrelevant and prejudicial.

8.       There should be no reference to prior 911 or police calls to or from the tire shop at issue in this case. Irrelevant and prejudicial.

9.       There should be no reference to the entry in Defendant Baker's police report that he had conducted scans of the system and discovered plaintiff ". . . had in the past called to

**KAFOURY & McDOUGAL**
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

report suspicious people digging through cars in the parking lot, much like what I'd observed tonight." This only happened after the tort was complete. This is irrelevant, and prejudicial.

10.     There should be no reference to plaintiff's opinion or lack thereof regarding "whether an officer should be suspicious when he sees three guys hanging around . . . car with a hood up after midnight at closed tire shop?" Deposition of plaintiff, pp. 56-57. Speculation, improper opinion evidence, irrelevant, attorney/client privilege.

11.     There should be no reference to defendant Baker's description of Juan Carlos Gomes-Vallez as intoxicated. Defendant Baker learned this only after the case was filed. Hearsay, irrelevant.

12.     There should be no reference to any prior interactions between plaintiff and any law enforcement officers. Irrelevant and prejudicial.

13.     There should be no reference to any prior arrests of plaintiff. Irrelevant and prejudicial.

14.     There should be no reference to taxpayer funds being used to pay a jury award.

15.     There should be no reference to any defendant's ability to pay any money award.

16.     There should be no questions or reference to what the plaintiff would do with any money award.

17.     There should be no reference to plaintiff attempting to "win the lottery" or trying to get a "jackpot verdict" or any similar sentiment.

18.     There should be no reference to any argument about good works, outreach to the community, or charity work done by defendants Baker and/or the Salem Police. *See Niver v. Traveler's Indemnity*, 433 F.Supp.2d 968 (2006), finding that "good acts unrelated to defendant's bad faith conduct in this case" were "not relevant, or at least, no more relevant than any evidence . . . of unrelated 'bad' or 'uncharitable' acts committed by" defendant.

**KAFOURY & McDOUGAL**
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

19.     There should be no reference to unpaid medical bills or medical insurance. Irrelevant and prejudicial.

20.     There should be no evidence regarding plaintiff's mitigation or lack thereof of his injuries absent medical foundation for this evidence.

21.     There should be no reference to any collateral source income including any disability or other benefits plaintiff has received or may receive. Irrelevant and prejudicial.

22.     There should be no reference to Social Security disability or insurance claims by plaintiff, or to plaintiff being "on disability" or "found to be disabled." Plaintiff is not making a claim for lost wages or lost earning capacity. Irrelevant and prejudicial.

23.     There should be no reference to Plaintiff's two divorces or child support obligations. Irrelevant and prejudicial.

24.     There should be no mention of plaintiff's wealth or poverty. Some defense lawyers have sought to portray plaintiffs as needing money under the theory that poor people are more desirous of money than people who are better off. First, the premise is wrong. "A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value . . . ." *U.S. v. Mitchell*, 172 F 3d 1104, 1108-9 (9th Cir 1999) (general evidence of poverty to prove motive is inadmissible as more prejudicial than probative under Fed. R. Evid. 403). See also *Haltom v. Fellows,* 157 Or 514 (1937) (arguments based solely on a party's poverty impermissible).

25.     There should be no reference to testimony or exhibits that were excluded by the Court.

26.     There should be no reference whatsoever to any financial interests that plaintiff's attorneys might have in the outcome of the case or any reference to contingent fee attorneys. Any such comments are irrelevant and prejudicial.

**KAFOURY & McDOUGAL**
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

27.     There should be no comment whatsoever about any of the trial lawyers.  This includes personal comments of any kind.  This includes the nature of any lawyer's practice, history, politics, or personal attributes.  The behavior of any lawyer in the presence of the jury is, of course, a fair matter for comment.

28.     No personal opinions of counsel should be permitted.


DATED this 9th day of October, 2023.

KAFOURY & MCDOUGAL


/s/ *Jason Kafoury*
Jason Kafoury OSB# 091200
jkafoury@kafourymcdougal.com
22Of Attorneys for Plaintiff

**KAFOURY & McDOUGAL**
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S MOTIONS IN LIMINE** on the defendant(s) on the date indicated below by the following method:

☐ mailing with postage prepaid
☐ hand delivery
☐ facsimile transmission
☐ overnight delivery
☒ email

to said person(s) a true copy thereof, addressed to said persons at their last known address(es)

and facsimile number(s) as follows:

Sebastian Tapia
Salem City Attorney's Office
555 Liberty St SE, Ste 225
Salem OR 97301
stapia@cityofsalem.net
mhighsmith@cityofsalem.net
rgostevskyh@cityofsalem.net

*Attorneys for Defendants*

Dated this 9th day of October, 2023.

KAFOURY & MCDOUGAL

*/s/ Jason Kafoury*
Jason Kafoury, OSB #091200
jkafoury@kafourymcdougal.com
Of Attorneys for Plaintiff

**KAFOURY & McDOUGAL**
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647