IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CHRISTOPHER GARZA,

              Plaintiff,

     v.

CITY OF SALEM and OFFICER
DAVID BAKER,

          Defendants.

No. 3:22-cv-00721-HZ

JURY INSTRUCTIONS

# Table of Contents

No. 1.: Final Jury Instructions—Instructions on your Duties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

No. 2.: What is Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

No. 3.: What is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

No. 4.: Evidence for Limited Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

No. 5.: Depositions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

No. 6.: Foreign Language Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

No. 7.: Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

No. 8.: Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

No. 9.: Expert Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

No. 10.: Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

No. 11.: Description of Claims and Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

No. 12.: Section 1983 Claim – Introductory Instruction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

No. 13.: Section 1983 Claim Against Defendant in Individual Capacity . . . . . . . . . . . . . . . . . . . . . . 16

No. 14.: Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally . . . . . . . 17

No. 15.: Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force . . . 18

No. 16.: Damages - Proof and Measure of Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

No. 17.: Mitigation of Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

No. 18.: Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

No. 19.: Nominal Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

No. 20.: Federal Claim Distinct from State Law Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

No. 21.: City Acts Through Agents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

No. 22.: Battery – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

No. 23.: Authorized Use of Force by a Peace Officer – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . 27

No. 24.: False Arrest – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

No. 25.: Distinction Between Stop and Arrest – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

No. 26.: Lawfulness of Restraint – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

No. 27.: Economic Damages – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

No. 28.: Noneconomic Damages – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

No. 29.: Aggravation of Preexisting Injury – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

No. 30.: Avoidable Consequences – Oregon Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

No. 31.: Deliberations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

No. 1.: Final Jury Instructions—Instructions on your Duties

     Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

     A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

     It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by your own personal likes or dislikes, opinions, prejudices, or sympathy.

     This means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath to do so.

     Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

No. 2.: What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of witnesses;

2.  The exhibits which have been admitted into evidence;

3.  Any facts to which all the lawyers have agreed; and

4.  Any facts to that I have instructed you to accept as proved.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony or exhibits are received only for a limited purpose; when I have instructed you to consider evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

<u>No. 4.: Evidence for Limited Purpose</u>

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

No. 5.: Depositions

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

No. 6.: Foreign Language Testimony

You have heard testimony of a witness who testified in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

No. 7.: Direct and Circumstantial Evidence

      Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## No. 8.: Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of this case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinions, and all the other evidence in the case.

No. 10.: Burden of Proof

When a party has the burden of proof on any claim or an affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

No. 11.: Description of Claims and Defenses

The plaintiff claims that Defendant David Baker seized him unreasonably in violation of the Fourth Amendment by using excessive force against him. The plaintiff also claims that Defendant City of Salem, acting through its agent Defendant David Baker, seized him unreasonably in violation of Oregon law by detaining him without justification and committed a battery against him. The plaintiff Christopher Garza has the burden of proving these claims by a preponderance of the evidence. The defendants deny these claims.

No. 12.: Section 1983 Claim – Introductory Instruction

The plaintiff brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on his § 1983 claim against the defendant David Baker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of state law; and

2.      the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instructions 14 and 15, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

As previously explained, the plaintiff has the burden of proving that the acts of the defendant David Baker deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendant deprived him of his rights under the Fourth Amendment to the Constitution when he detained the plaintiff.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      Defendant Baker seized the plaintiff's person;

2.      in seizing the plaintiff's person, Defendant Baker acted intentionally; and

3.      the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority.

I instruct you that Defendant Baker intentionally seized Plaintiff under federal law. It is for you to decide whether the seizure was unreasonable.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or stop. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Defendant Baker used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)     the nature of the crime or other circumstances known to the officers at the time force was applied;

(2)     whether the plaintiff posed an immediate threat to the safety of the officer or to others;

(3)     whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)     the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the relationship between the need for the use of force and the amount of force used;

(6)     the extent of the plaintiff's injury;

(7)     any effort made by the officer to temper or to limit the amount of force;

(8)     the severity of the security problem at issue;

(9)     the availability of alternative methods to take the plaintiff into custody or subdue the plaintiff;

(10)     whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given; and

(11)     whether a reasonable officer would have or should have accurately perceived a mistaken fact.

## No. 16.: Damages - Proof and Measure of Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on his claim, you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money which will reasonably and fairly compensate plaintiff for any injury you find was caused by defendant. You should consider the following:

(1) Economic damages:

    (a)    The reasonable value of necessary medical care, treatment, and services received to the present time; and

    (b)    The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.

(2) Noneconomic damages:

    (a)    The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

    (b)    The nature and extent of the injuries.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

## No. 17.: Mitigation of Damages

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

## No. 18.: Punitive Damages

Plaintiff seeks punitive damages against Defendant Baker on his excessive force claim. If you find for the plaintiff you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

No. 19.: Nominal Damages

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff on his excessive force claim but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## No. 20.: Federal Claim Distinct from State Law Claims

I have just instructed you as to the plaintiff's federal law claim. You are not to consider these instructions when making your decisions on the plaintiff's state law claims. I will now instruct you as to the state law claims.

No. 21.: City Acts Through Agents

A City can act only through its officers, agents, or employees. Any action by an employee of the City is the act of the City if the act was within the scope of that person's employment. I instruct you that Officer David Baker was acting within the course and scope of his employment.

No. 22.: Battery – Oregon Law

The plaintiff claims that the defendant committed a battery. This requires the plaintiff to prove that:

(1) The defendant acted, intending to cause harmful or offensive contact with the plaintiff; and

(2) The defendant's actions directly or indirectly caused a harmful or offensive contact with the plaintiff.

## No. 23.: Authorized Use of Force by a Peace Officer – Oregon Law

A defense to battery has been raised based on the amount of force Defendant Baker used. A peace officer making a stop may only use the degree of force reasonably necessary to make the stop and ensure the safety of the officer, the person stopped, or other persons who are present.

To prevail on a false arrest claim, the plaintiff must prove by a preponderance of the evidence each of the following elements:

(1) the defendant confined the plaintiff;

(2) the defendant intended the act that confined the plaintiff;

(3) the plaintiff was aware of the confinement; and

(4) the confinement was unlawful.

A confinement is a restraint on a person's freedom of movement.

No. 25.: Distinction Between Stop and Arrest – Oregon Law

      In order to make your decision on the plaintiff's state law false arrest claim, you will need to determine whether the incident was an arrest, or whether it was merely a stop. A stop is a temporary restraint of a person's liberty by a peace officer lawfully present in any place. An arrest is the placing of a person under actual or constructive restraint, or taking of a person into custody, for the purpose of charging that person with an offense.

      Arrests and stops differ in the scope, duration, and degree of the restraint. A restraint that goes beyond the scope of a stop converts the stop into an arrest. The scope, duration, and degree of restraint an officer may use without converting a stop into an arrest depends on the circumstances facing the officer at the time the restrictive measures are used. You should look at the totality of the circumstances to determine if a seizure is a stop or an arrest.

No. 26.: Lawfulness of Restraint – Oregon Law

In order to be lawful, a stop must be based on reasonable suspicion that the person stopped has committed or is about to commit a specific crime or type of crime. Reasonable suspicion is less than a fair probability but more than an unparticularized suspicion or hunch. To have reasonable suspicion, a police officer must subjectively suspect that the person stopped committed a specific crime or type of crime or was about to commit a specific crime or type of crime. The officer's suspicion must also be objectively reasonable based on the totality of the circumstances existing at the time of the stop. I instruct you that Defendant Baker had reasonable suspicion to stop Plaintiff.

In order to be lawful, an arrest must be based on probable cause to believe that the person arrested has committed or is about to commit a crime. I instruct you that Defendant Baker did not have probable cause to arrest Plaintiff.

If you find that Plaintiff was arrested, then your verdict on the false arrest claim should be for Plaintiff. If you find that Plaintiff was stopped, but not arrested, then your verdict on the false arrest claim should be for Defendant.

No. 27.: Economic Damages – Oregon Law

       Economic damages are the objectively verifiable monetary losses that the plaintiff has incurred or will probably incur. In determining the amount of economic damages, if any, consider the reasonable value of necessary medical / hospital / nursing / rehabilitative / and other health care and services for treatment of the plaintiff.

No. 28.: Noneconomic Damages – Oregon Law

Noneconomic damages are the subjective, nonmonetary losses that a plaintiff has sustained or probably will sustain in the future.

The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. However, the law requires that all damages awarded be reasonable. You must apply your own considered judgment, therefore, to determine the amount of noneconomic damages.

In determining the amount of noneconomic damages, if any, consider the pain, mental suffering, emotional distress, or humiliation that the plaintiff has sustained from the time he was injured until the present and that the plaintiff probably will sustain in the future as the result of his injuries.

## No. 29.: Aggravation of Preexisting Injury – Oregon Law

In the present case the plaintiff has alleged that the injury which he sustained as the result of the acts of the defendant aggravated a preexisting injury.

In determining the amount of damages, if any, to be awarded the plaintiff in this case, you will allow him reasonable compensation for the consequences of any such aggravation that you find to have taken place as the result of defendant's acts.

The recovery should not include damages for the earlier injury but only those that are due to its enhancement or aggravation.

No. 30.: Avoidable Consequences – Oregon Law

     A person who suffered damage has a duty to exercise reasonable care to avoid increasing that damage. There can be no recovery for increased damage caused by the failure to exercise such care.

## No. 31.: Deliberations

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.  You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A special verdict form has been prepared for your convenience. You will take this form into the jury room.

*(Special Verdict Form is read.)*

You will note that there are questions. The answer to each question must be the unanimous answer of the jury. Your presiding juror will write the unanimous answer of the jury in the spaces provided opposite each question. All jurors should participate in all deliberations and vote on each question.

The presiding juror will then date and sign the special verdict form as completed and you will advise the bailiff outside your door that you are ready to return to the courtroom. Court will then be reconvened and your verdict will be received.

35 – JURY INSTRUCTIONS

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. Nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including, but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If

you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. Until you have reached your verdict, I will only communicate with jury members on anything concerning the case either in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have

reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.